## MEADOWS v. STATE.

### No. 22031.

Court of Criminal Appeals of Texas.

April 1, 1942.

Aubrey Davee, of Brady, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The unlawful sale of whiskey in a dry area is the offense; the punishment, a fine of $200.

The facts show, without dispute, that appellant sold, to an Inspector for the Texas Liquor Control Board, a pint of whiskey, in McCulloch County, a dry area within the meaning of the Texas Liquor Control Act, Vernon's Ann.P.C. Art. 666—1 et seq.

It is insisted that members of the jury panel from which the jury in this case was selected heard the evidence or were present upon a former trial of this case, and were, therefore, disqualified from serving as jurors upon the instant trial. The bill of exception presenting this question affirmatively reflects that the jurors selected to try this case stated that they had no opinion in the cause and were not in any manner biased in favor of or prejudiced against the appellant. The mere fact that a juror has heard the evidence in a former trial does not disqualify him from serving as a juror upon a subsequent trial of the same case. It is only when such a juror has formed or expressed an opinion as to the guilt or innocence of the accused that he is disqualified to sit in the case. Sec. 13 of Art. 616, Vernon's Annot. Code of Criminal Procedure; Pierson v. State, 21 Tex.App. 14, 17 S.W. 468; Parchman v. State, 2 Tex.App. 228, 28 Am.Rep. 435; Thompson v. State, 19 Tex.App. 593.

The record failing to reflect that any member of the jury which convicted the appellant was disqualified under the rule stated, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.